**Pedro MORALES, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner of Social Security, Defendant–Appellee.**

No. 05–17252.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2007.\*\*

Filed Oct. 31, 2007.

Eugene Denise Mitchell, Brewer & Mitchell, LLP, Sacramento, CA, for Plaintiff–Appellant.

USSAC—Office of the U.S. Attorney, Sacramento, CA, Shea Lita Bond, Esq., SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: KLEINFELD and RAWLINSON, Circuit Judges, and RESTANI \*\*\*, Judge.

MEMORANDUM \*\*\*\*

Appellant Pedro Morales appeals from the granting of summary judgment in favor of Appellee Michael Astrue, Commis-

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sioner of Social Security, denying Morales' petition for disability benefits.

Morales has waived any argument that the Administrative Law Judge (ALJ) failed to properly consider all of Morales' ailments at step two of the five-stage disability analysis by failing to raise that argument in any prior proceeding. *See Warre v. Comm'r*, 439 F.3d 1001, 1007 (9th Cir.2006).

The ALJ did not fail to determine whether Morales' impairments met or equaled Listing 1.04. The ALJ discussed and considered all pertinent medical evidence. *See Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir.2001).

The ALJ properly discounted the testimonies of Morales and his wife because substantial medical evidence supported the ALJ's findings. *See Batson v. Comm'r*, 359 F.3d 1190, 1196 (9th Cir.2004).

The ALJ appropriately characterized and credited the findings of Dr. Kelly, the consultative examiner. His order incorporates the recommendation in all substantial aspects.

Finally, a chiropractor is not on the list of "[s]ources who can provide evidence to establish an impairment" in the applicable regulation, 20 C.F.R. 404.1513(a).

**AFFIRMED.**